IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**SCHEAREAN JEAN MEANS,**

    **Petitioner,**

**vs.**                                                         Case No. 4:08cv38-MP/WCS

**WARDEN PAIGE AUGUSTINE,**

    **Respondent.**

                                               /


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner also filed a motion to proceed in forma pauperis, doc. 2, which is granted by separate order.

Petitioner, incarcerated at the Federal Correctional Institution in Tallahassee, seeks relief from a sentence imposed by the Northern District of Alabama.  For relief Petitioner asks to dismiss the indictment with prejudice, order her immediate release from custody, vacate the initial supervised release, and adjust the conditions of supervised release.  Doc. 1, p. 6.

Petitioner is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to 28 U.S.C. § 2255 motion, filed in the sentencing court. § 2255; United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Section 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added).

The Eleventh Circuit addressed the meaning of the italicized "savings clause" language in the context of a § 2241 petition bringing claims clearly barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).[1]  While not deciding whether the savings clause would apply in other sentencing circumstances, the court found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  Id. at 1245.  A petitioner may not circumvent restrictions on filing § 2255 motions simply by filing a § 2241 petition.  Id.; Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford).

There is a space on the § 2241 form petition to explain why the § 2255 remedy is inadequate or ineffective, and Petitioner explains as follows:

> Issues raised on direct appeal, and decided unfavorable to the defendant, can not be raised in § 2255 motion.  The Eleventh Circuit Court of Appeals, in the § 2255 proceeding of BROADNAX (a companion case), acknowledge[d] the sentencing error but refuse[d] to correct the error under § 2255 motion on procedural grounds.
>
> During the initial § 2255 proceeding . . . the Sentencing Court conceded its error in sentencing on the more severe object alleged in Count Two and imposing the sentence of life-imprisonment; but elected to forego granting relief of resentencing to two (2) years imprisonment on the lesser-object of Prescription Drugs due to the District Court's erroneous and arbitrary reliance on the Concurrent Sentence Doctrine.
> The failure to allow collateral review, under 28 U.S.C. § 2241 habeas corpus petition, would raise serious constitutional questions involving the petitioner's Sixth Amendment rights at sentencing.
>
> A fundamental miscarriage of justice would result from the failure to entertain the petitioner's Fifth and Sixth Amendment's claim(s) "where the

---

[1] In that footnote it was noted that even where the savings clause allowed a claim to proceed under § 2241, the proper inquiry would be the same as if the defaulted claim was raised for the first time by § 2255 motion; i.e., whether the petitioner could establish "actual innocence" of the offense under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  Id. n. 3.

jury's return of the general-verdict(s) of guilt, on count(s) Two and Eleven, charging multiple-objects narcotics and non-narcotics violations, limited the sentencing court's findings not to exceed a Base Offense Level of 6 (prescribing a maximum sentence of eight (8) months imprisonment), and the sentencing court's additional and unauthorized findings of 'type and quantity' of drugs on the most-severe objects alleged in the count(s) of the indictment resulted in a Base Offense Level of 38 (prescribing a maximum sentencing range of 360-months to life-imprisonment) of which the Court imposed the maximum sentence of life-imprisonment.

Doc. 1, pp. 3-3(a) citations and record references omitted).

Although not indicated in the current petition, Petitioner most recently raised similar claims by § 2241 petition filed in this court in 2005.[2] Means v. Vasquez, 4:05cv141-MP/AK. The petition was summarily dismissed with prejudice as Petitioner did not show entitlement to proceed under the savings clause. Docs. 4, 5, and 6 in that file (report and recommendation, order adopting the recommendation, and judgment entered on the docket on August 23, 2005, respectively). The Eleventh Circuit affirmed in a written opinion. Doc. 18 in that file. The opinion is attached to this recommendation and incorporated herein by reference.[3]

---

[2] *See also*, Means v. Clark, 4:02cv385-RH/WCS, dismissed under the savings clause. Docs. 3, 6, and 7 6 in that file (report and recommendation, order adopting the recommendation, and judgment entered on the docket on February 10, 2003, respectively). The appeal was dismissed, reinstated, then again dismissed for want of prosecution. Docs. 15, 17, and 22 in that file.

[3] The opinion, not selected for publication in the federal reporter, is also available on Westlaw. Means v. Vasquez, 168 Fed.Appx. 900, 2006 WL 405791 (11th Cir. 2006). It is the Westlaw version which is attached to this recommendation. As summarized by the court, Petitioner claimed that her sentence was illegal under Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (noting – as a hypothetical – that the claims regarding a general verdict on a charge of conspiracy involving both cocaine and cocaine base might have merit if the sentence exceeded the maximum sentence for a cocaine only conspiracy) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (finding that the mandatory nature of the sentencing guidelines was not compatible the constitutional right to a jury trial).

Here, as there, "allowing the action to remain a habeas petition under § 2241, when Means failed to satisfy the requirements of the 'saving[s] clause,' would have rendered the AEDPA and its successive-petition rule in § 2255 meaningless." Attached opinion, citing Wofford, 177 F.3d at 1244-45.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** at Tallahassee, Florida, on March 18, 2008.

    S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

Attached opinion and nn. 2 and 3 (summarizing those opinions).

Westlaw.

168 Fed.Appx. 900
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))
(Cite as: 168 Fed.Appx. 900)

C Means v. Vasquez
C.A.11 (Fla.),2006.
This case was not selected for publication in the Federal Reporter. Please use FIND to look at the applicable circuit court rule before citing this opinion. Eleventh Circuit Rule 36-2. (FIND CTA11 Rule 36-2.)
United States Court of Appeals, Eleventh Circuit.
Schearean Jean MEANS, Petitioner-Appellant,
v.
Jose VASQUEZ, Respondent-Appellee.
No. 05-15230
**Non-Argument Calendar.**

February. 22, 2006.

**Background:** Federal prisoner filed pro se petition for a writ of habeas corpus, claiming her life sentence for her drug convictions was illegal and violated her Sixth Amendment right to a jury trial. The United States District Court for the Northern District of Florida dismissed petition with prejudice. Prisoner appealed.

**Holdings:** The Court of Appeals held that:
(1) habeas remedy was unavailable to prisoner under savings clause within statute governing motions to vacate, set aside, or correct sentences, on basis of Supreme Court decision that was rendered before she filed her first motion to vacate, set aside or correct life sentence, and
(2) *Booker* was not retroactively applicable to cases on collateral review and, thus, even if prisoner could establish her actual innocence, she failed to satisfy requirements of savings clause.

Affirmed.

West Headnotes

**[1] Habeas Corpus 197 ⟠285.1**

197 Habeas Corpus
    197I In General
        197I(C) Existence and Exhaustion of Other Remedies
            197k285 Post-Conviction Motions or Proceedings
                197k285.1 k. In General. Most Cited Cases
Habeas remedy was unavailable to federal prisoner under savings clause within statute governing motions to vacate, set aside, or correct sentences, on basis of Supreme Court decision that was rendered before she filed her first motion to vacate, set aside or correct life sentence for her drug convictions. 28 U.S.C.A. §§ 2241, 2255.

**[2] Courts 106 ⟠100(1)**

106 Courts

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

168 Fed.Appx. 900                                                                                               Page 1
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))
(Cite as: 168 Fed.Appx. 900)

    106II Establishment, Organization, and Procedure
        106II(H) Effect of Reversal or Overruling
            106k100 In General
                106k100(1) k. In General; Retroactive or Prospective Operation. Most Cited Cases

**Habeas Corpus 197 ⚖︎285.1**

197 Habeas Corpus
    197I In General
        197I(C) Existence and Exhaustion of Other Remedies
            197k285 Post-Conviction Motions or Proceedings
                197k285.1 k. In General. Most Cited Cases

Supreme Court's *Booker* decision, holding that mandatory application of Federal Sentencing Guidelines violated defendant's right to jury trial on any disputed factual subject that increased maximum punishment, was not retroactively applicable to cases on collateral review and, thus, even if federal prisoner could establish that she was "actually innocent" of drugs offenses, she failed to satisfy requirements of savings clause of federal statute governing motions to vacate, set aside, or correct sentence and to open portal to use of habeas petition for collateral attack on validity of prisoner's life sentence. 28 U.S.C.A. §§ 2241, 2255.

**\*901** Schearean Jean Means, Tallahassee, FL, pro se.

E. Bryan Wilson, Roy F. Blondeau, Tallahassee, FL, for Respondent-Appellee.

Appeal from the United States District Court for the Northern District of Florida. D.C. Docket No. 05-00141-CV-4-MP-AK.

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

**\*\*1** Schearean Jean Means, a federal prisoner proceeding *pro se,* appeals the district court's *sua sponte* order dismissing with prejudice her *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Means filed her § 2241 petition after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), is applicable. Means argues on appeal that the district court erred in dismissing her § 2241 petition, based on its conclusion that she failed to make the requisite showing to invoke the "savings clause" of 28 U.S.C. § 2255. For the reasons set for more fully below, we affirm.

Means is serving a life sentence for conspiracy to possess with intent to distribute an unspecified amount of "cocaine, cocaine base, marijuana, and prescription drugs," and possession with intent to distribute these drugs. After we affirmed her convictions on direct appeal in 1998, Means **\*902** filed a § 2255 motion. In 2002, the district court denied this §

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

168 Fed.Appx. 900 Page 8
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))
(Cite as: 168 Fed.Appx. 900)

2255 motion, concluding that Means's claims were procedurally defaulted.[FN1]

> FN1. Although not discussed in Means's § 2241 petition, the magistrate judge included in his report and recommendation that, prior to filing the instant petition, Means also filed (1) a second § 2255 motion, which the district court dismissed as an unauthorized successive petition; and (2) a prior § 2241 petition, which the court dismissed because Means should have raised her claims either on direct appeal or in a § 2255 proceeding.

In April 2005, Means filed the instant § 2241 petition, arguing that her life sentence for her drug convictions was illegal and violated her Sixth Amendment right to a jury trial, pursuant to the Supreme Court's decisions in *Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998),[FN2] and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[FN3] Means specifically contended that her sentence exceeded the maximum sentences authorized by statute and the United States Federal Guidelines ("federal guidelines") because (1) the offenses involved multiple types of drugs, (2) no specific quantity of drugs was alleged in the indictment, and (3) the jury returned a general verdict of guilty on the conspiracy count. Means also argued that her enhanced sentence, pursuant to 21 U.S.C. § 851, was illegal because the sentencing court erred in concluding that four prior state convictions on which the court relied in applying this enhancement were "felony drug offenses."

> FN2. In *Edwards,* the petitioners, who were convicted by a general verdict of conspiracy to possess cocaine and cocaine base, argued that the district court erred in considering the quantity of both drugs in imposing sentence. *See Edwards,* 523 U.S. at 513, 118 S.Ct. at 1477. Although the Supreme Court in *Edwards* upheld this sentence, it noted that the petitioners' statutory and constitutional claims would have made a difference if the sentences had exceeded the maximum that the statutes permitted for a cocaine-only conspiracy because a maximum sentence set by statute trumps a higher sentence set forth in the federal guidelines. *See id.* at 515, 118 S.Ct. at 1477.

> FN3. In *Booker,* the Supreme Court determined that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *See United States v. Booker,* 543 U.S. 220, 231-36, 125 S.Ct. 738, 749-51, 160 L.Ed.2d 621 (2005). Furthermore, the *Booker* Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

168 Fed.Appx. 900  
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))  
(Cite as: 168 Fed.Appx. 900)

Page 9

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See *id.* at 244, 125 S.Ct. at 756.

The magistrate, without waiting for the government to respond, recommended that the district court dismiss with prejudice Means's § 2241 petition. The magistrate explained that, except for Means's *Booker* claims, her § 2241 claims were the same claims that she previously had presented, or should have presented, in her prior collateral proceedings. The magistrate also determined that, because Means had not identified a retroactively applicable Supreme Court decision that "open[ed] the portal to a § 2241 proceeding," § 2255's "savings clause" was not triggered, and Means's § 2241 petition could not proceed. After Means's filed no objections to this report and recommendation, the district court adopted it and *sua sponte* dismissed with prejudice Means's § 2241 petition.

Means again argues on appeal that her life sentence is illegal because, pursuant to the Supreme Court's decision in *Edwards,* following the jury's general verdicts for conspiracy and possession offenses involving multiple types of drugs, her life sentence exceeded her maximum statutory ***903** sentences. Means also contends that, pursuant to the Supreme Court's decision in *Booker,* the sentencing court exceeded its jurisdiction by sentencing her based on offenses that neither were charged in her indictment, nor proved beyond a reasonable doubt to a jury. Means argues that the court's *sua sponte* dismissal of her § 2241 petition was erroneous because (1) these decisions are retroactively applicable on collateral review, and (2) she has no other adequate remedy at law to obtain relief from her illegal sentence. Moreover, Means again argues that the sentencing court, in imposing an enhanced sentence under § 851, erred in relying on prior state convictions that were not qualifying controlled-substance offenses.

**\*\*2** As a preliminary matter, Means-a federal prisoner proceeding under § 2241-may proceed on appeal despite the lack of a certificate of appealability ("COA"). See *Sawyer v. Holder, 326 F.3d 1363, 1364 n. 3 (11th Cir.2003)* (holding that the petitioner who was attempting to invoke the "savings clause" in § 2255 through a § 2241 petition did not need a COA to proceed on appeal). Also, as neither party appears to contest, if Means's pleading was properly construed as a § 2255 motion, it was successive and she needed our permission to file it. See *Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir.2005)* (explaining that, when a prisoner previously has filed a § 2255 motion that is denied with prejudice, she must apply for, and receive, our permission before filing a successive § 2255 motion). The only issue for our review, therefore, is whether the district court erred in concluding that Means failed to make the requisite showing to invoke the "savings clause" in § 2255.

The availability of habeas relief under § 2241 presents a question of law that we review *de novo*. *Id.* at 944. Although § 2255 is the primary

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

168 Fed.Appx. 900                                                                                                 Page 10 of 10
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))
(Cite as: 168 Fed.Appx. 900)

method of collateral attack for federal prisoners, § 2241 provides a limited, additional basis for habeas actions brought by federal prisoners. Section 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Thus, under this "savings clause," a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence only if the petitioner establishes that § 2255's remedy is inadequate or ineffective. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979) (holding that a prior unsuccessful § 2255 motion, alone, is insufficient to establish ineffectiveness).

The burden of producing evidence affirmatively showing the inadequacy or ineffectiveness of § 2255 relief rests with the petitioner. Id. Section 2255 remedies only should be considered inadequate if:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir.1999). We have explained that, if the "savings clause" of § 2255 applies "to open the portal to a § 2241 proceeding," the proper inquiry in that § 2241 proceeding will be "whether the petitioner can establish **904** actual innocence of the crime for which he has been convicted...." Id. at 1244 n. 3. However, as we recently reiterated, the AEDPA's restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause." Darby, 405 F.3d at 945.

**3**[1] In the instant case, Means failed to cite to a Supreme Court decision in support of her claim that her prior state convictions did not constitute controlled-substance offenses for purposes of § 851 enhancement. On the other hand, Means generally asserted in her § 2241 petition that her remaining claims were based upon the Supreme Court's retroactively applicable decisions in Edwards and Booker, and that she was convicted of a "nonexistent offense." The Supreme Court, however, decided Edwards in 1998, before Means filed her first § 2255 motion. Moreover, we have stated that the hypothetical position discussed in Edwards, that is, that the district court would have erred in considering the quantity of both drugs in imposing a sentence after a general verdict for a conspiracy to possess both cocaine and cocaine base, was, in fact, the law of this Circuit. See Black v. United States, 373 F.3d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

168 Fed.Appx. 900
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))
(Cite as: 168 Fed.Appx. 900)

1140, 1146 (11th Cir.2004) (citing *United States v. Allen,* 302 F.3d 1260, 1274-75 (11th Cir.2002)), *cert. denied,*543 U.S. 1080, 125 S.Ct. 942, 160 L.Ed.2d 824 (2005).

[2] Additionally, we have determined that *Booker* is not retroactively applicable to cases on collateral review. *See Varela v. United States,* 400 F.3d 864, 868 (11th Cir.) (explaining that *"Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"), *cert. denied,*--- U.S. ----, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); *see also In re Anderson,* 396 F.3d 1336, 1339-40 (11th Cir.2005) (holding that the Supreme Court has not made *Booker* retroactively applicable on collateral review for purposes of authorizing a second or successive § 2255 motion). Thus, even if Means could establish that she was "actually innocent" of the offenses of conviction, she failed to satisfy the requirements of the "savings clause" and "to open the portal to a § 2241 proceeding." *See Wofford,* 177 F.3d at 1244 n. 3.

By labeling her successive collateral attack on her convictions and sentences as a § 2241 habeas petition, Means was attempting to avoid the application of the successive petition rule for § 2255 motions. The "savings clause," however, "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *See id.* at 1245. Thus, allowing the action to remain a habeas petition under § 2241, when Means failed to satisfy the requirements of the "saving clause," would have rendered the AEDPA and its successive-petition rule in § 2255 meaningless. *See id.* at 1244-45.

Accordingly, we conclude that the district court did not err in *sua sponte* dismissing with prejudice Means's § 2241 petition. We, therefore, affirm.

**AFFIRMED.**

C.A.11 (Fla.),2006.
Means v. Vasquez
168 Fed.Appx. 900, 2006 WL 405791 (C.A.11 (Fla.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.